United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL FIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN MORTGAGE EXPRESS CORP., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-09-5972 EMC<br><br>**ORDER DENYING PROPOSED PLAINTIFFS' MOTION TO SUBSTITUTE CLASS REPRESENTATIVES**<br><br>**(Docket No. 97)** |

    Plaintiff Marshall Field initiated this class action lawsuit against Defendants American Mortgage Express Corp. ("AMX") and Gevity HR, Inc., asserting that the companies were his joint employers and failed to pay wages and earned vacation in violation of the California Labor Code. In August 2011, this Court granted Gevity's motion for summary judgment, concluding that, as a matter of law, Gevity was not Mr. Field's employer because it did not exercise control over either his wages or his working conditions. *See* Docket No. 96 (order). In the same order, the Court stated that it would give Mr. Field's counsel an opportunity to substitute a new plaintiff and proposed class representative with respect to the claims asserted against Gevity. Counsel has now filed the motion, asking that Cherie Johnson and Maria Ignacio be substituted as new plaintiffs and proposed class representatives.

### I.    FACTUAL & PROCEDURAL BACKGROUND

    This lawsuit – filed as a class action – was initiated in November 2009. *See* Docket No. 1 (notice of removal and complaint). Currently, AMX has not made an appearance in the case,

apparently, because it is now a defunct company. Thus, as a practical matter, the only defendant in this case is Gevity.

Only two claims have been asserted against Gevity: (1) failure to pay wages in violation of California Labor Code § 201and (2) failure to pay accrued vacation at termination in violation of California Labor Code § 227.3. As of yet, no class has been certified with respect to these claims against Gevity. Furthermore, at this juncture, there is no plaintiff or proposed class representative vis-à-vis these claims because the Court concluded, on summary judgment, that Gevity was not, as a matter of law, Mr. Field's employer.

As noted above, in its order granting summary judgment to Gevity, the Court gave Mr. Field's counsel an opportunity to substitute a new plaintiff and proposed class representative in lieu of Mr. Field. The Court stated that, "to the extent Gevity contends that it did not employ that [new] individual (as it did not employ Mr. Field), it may oppose the motion to substitute on those grounds." Docket No. 96 (Order at 13-14). Thus, the Court expressly advised counsel for Mr. Field that "evidence to support the claim that Gevity is employed by the new plaintiff/proposed class representative should be provided even as part of the opening brief." Docket No. 96 (Order at 14 n.8).

Counsel for Mr. Field has now moved to substitute Ms. Johnson and Ms. Ignacio as new plaintiffs and proposed class representatives (collectively, "Proposed Plaintiffs"). Ms. Johnson was the operations manager in the AMX Santa Rosa office. *See* Docket No. 71 (Johnson Decl. ¶ 3). Ms. Ignacio was the co-branch manager of the AMX San Ramon office. *See* Docket No. 98 (Ignacio Decl. ¶ 98).

In their motion to substitute, Proposed Plaintiffs spend the bulk of their time arguing on the merits that Gevity was their employer because it exercised control over their wages and working conditions. The merits, however, need not be addressed if, as Gevity argues, res judicata and collateral estoppel bar Proposed Plaintiffs from litigating this suit. More specifically, Gevity contends that prior decisions rendered by the California Labor Commissioner on complaints brought by Proposed Plaintiffs preclude their claims here. The evidence of record reflects the following with regard to the prior administrative proceedings.

A.     Ms. Johnson

Ms. Johnson filed a claim against AMX on or about September 2007. *See* Docket No. 110 (Jones Decl., Ex. A) (notice of claim filed). According to Ms. Johnson, it was the Labor Commissioner, and not herself, who subsequently added Gevity as a defendant. *See* Prop. Pls.' Supp. Br. at 3-4. While the record is not clear on this point, even if the Court assumes such, the record establishes that Ms. Johnson did not object to the addition of Gevity. In fact, she signed a complaint on September 27, 2007, which named not only AMX as the defendant but also Gevity. *See* Docket No. 110 (Jones Decl., Ex. A) (complaint).

In her complaint, Ms. Johnson asked for unpaid wages, earned vacation, and penalties. See Docket No. 110 (Jones Decl., Ex. A) (complaint). Gevity answered the complaint and submitted in support of its position a declaration from Marla Barr. See Docket No. 110 (Jones Decl., Exs. B-C) (answer and Barr declaration). In February 2008, a hearing officer, on behalf of the Labor Commissioner, issued her findings of fact and conclusions of law. Using the definition of "employ" as to "'engage, suffer, or permit work,'" the hearing officer concluded that Ms. Johnson did not work for Gevity but rather was employed by AMX. *See* Docket No. 99 (Prop. Pls.' RJN, Ex. B) (FF & CL at 4-5). Ultimately, the hearing officer, on behalf of the Labor Commissioner, awarded Ms. Johnson $25,553.43 against AMX only. *See* Docket No. 100 (Jones Decl., Ex. D) (order, decision or award of the Labor Commissioner). In the order, the hearing officer expressly stated that her decision was based upon the findings of fact and conclusions of law, which were incorporated by reference.

It appears that Ms. Johnson did not appeal the Labor Commissioner's order (including the finding that Gevity was not Ms. Johnson's employer) pursuant to California Labor Code § 98.2. *See* Cal. Lab. Code § 98.2(a) (providing that, "[w]ithin 10 days after service of notice of an order, decision, or award the parties may week review by filing an appeal to the superior court"); *id.* § 98.2(d) (providing that, "[i]f no notice of appeal . . . is filed . . . , the order, decision, or award shall . . . be deemed the final order"). Thus, in July 2008, the hearing officer, on behalf of the Labor Commissioner, asked the Sonoma County Superior Court to enter judgment on the Labor Commissioner's order. *See* Docket No. 110 (Jones Decl., Ex. D) (request to enter judgment); *see*

3

1  *also* Cal. Lab. Code § 98.2(e) (providing that "[t]he Labor Commissioner shall file, within 10 days
2  of the order becoming final pursuant to subdivision (d), a certified copy of the final order with the
3  clerk of the superior court of the appropriate county unless a settlement has been reached by the
4  parties and approved by the Labor Commissioner"). The clerk of the court thereafter entered
5  judgment in August 2008. *See id.* (providing that "[j]udgment shall be entered immediately by the
6  court clerk in conformity therewith").

B.  Ms. Ignacio

The evidence of record reflects that Ms. Ignacio initiated a complaint against, *inter alia*, AMX and Gevity with the Labor Commissioner in April 2008. In the complaint, Ms. Ignacio asked for earned vacation and penalties. *See* Docket No. 110 (Jones Decl., Ex. E) (complaint). Gevity answered the complaint. *See* Docket No. 110 (Jones Decl., Ex. F) (answer). The complaint was subsequently amended to include a claim for wages. *See* Docket No. 99 (Prop. Pls.' RJN, Ex. A) (FF & CL at 1).

In July 2008, a hearing was held on the complaint during which both Ms. Ignacio and Ms. Barr testified.[1] *See* Docket No. 110 (Jones Decl. ¶ 9). In November 2008, a hearing officer, on behalf of the Labor Commissioner, issued her findings of fact and conclusions of law. The hearing officer noted that, during her testimony, Ms. Ignacio stated that

> she understood Gevity's role as the one handling payroll and insurance. Plaintiff said that Gevity negotiated health insurance and operated similar to an escrow service distributing funds. Plaintiff stated she did not believe defendant Gevity to [be] responsible or liable for her outstanding wages, and she opted to withdraw her complaint against Gevity.

Docket No. 99 (Prop. Pls.' RJN, Ex. A) (FF & CL at 2). Because "Plaintiff opted at [the] hearing to withdraw her claim, . . . defendant Gevity [was] dismissed from the complaint." Docket No. 99 (Prop. Pls.' RJN, Ex. A) (FF & CL at 3). Even though Gevity was, as noted above, dismissed from

---

[1] Gevity has submitted a transcript of the proceeding before the hearing officer. Proposed Plaintiffs have objected to the evidence and filed a motion to strike. *See* Docket No. 113 (motion). Proposed Plaintiffs have objected on various grounds, including lack of authentication and hearsay. Proposed Plaintiffs have also objected on fairness grounds, *i.e.*, because the transcript was never produced during discovery. The objections and motion to strike ultimately are moot because the Court need not rely on the evidence to resolve the preclusion issue.

the case, the hearing officer nevertheless stated that Gevity was a joint employer of Ms. Ignacio along with AMX, *i.e.*, "Gevity was the employer of record for payroll and tax purposes" while AMX "exercised direct on-site supervision."[2] Docket No. 99 (Prop. Pls.' RJN, Ex. A) (FF & CL at 3).

Ultimately, the hearing officer, on behalf of the Labor Commissioner, awarded Ms. Ignacio $16,452.97 against AMX alone. *See* Docket No. 100 (Jones Decl., Ex. D) (order, decision or award of the Labor Commissioner). In the order, the hearing officer expressly stated that her decision was based upon the findings of fact and conclusions of law, which were incorporated by reference.

It appears that Ms. Ignacio did not appeal the Labor Commissioner's order pursuant to California Labor Code § 98.2. In supplemental briefing, Gevity indicates that a state court subsequently entered a judgment consistent with the Labor Commissioner's order. *See* Docket No. 120 (Def.'s Supp. Br. at 1 & n.3). Presumably, the judgment was entered, as in Ms. Johnson's case, after the Labor Commissioner asked for entry of a judgment pursuant to California Labor Code § 98.2(e).

## II. DISCUSSION

Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the same preclusive effect as they would be given in the state in which they were rendered. *See* 28 U.S.C. § 1738 (providing that the "records and judicial proceedings" of a state court "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken"); *see also Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 808 (9th Cir. 2007) (stating that "'[a] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered'"); *Bo Vin Tran v. Le French Baker*, No. C-94-0482 VRW, 1995 U.S. Dist. LEXIS 8371, at *3 (N.D. Cal. June 14, 1995) (discussing § 1738).

In addition, in *Miller v. County of Santa Cruz*, 39 F.3d 1030 (9th Cir. 1994), the Ninth Circuit held that, while "[s]ection 1738 does not govern cases involving unreviewed decisions of a

---

[2] The conclusion of the hearing officer with respect to Gevity is in tension with the state appellate court's decision in *Futtrell v. Payday Cal, Inc.*, 190 Cal. App. 4th 1419 (2010) (holding that, where a company has essentially outsourced its payroll department to another company, the latter company does not exercise control over the employee's wages).

state administrative hearing board or commission," "as a matter of federal common law, federal courts [still] give preclusive effect to the findings of state administrative tribunals." *Id.* at 1032; *see also University of Tenn. v. Elliott*, 478 U.S. 788, 794 (1986) (stating that "we have frequently fashioned federal common-law rules of preclusion in the absence of a governing statute"). More specifically, under Ninth Circuit law, state administrative adjudications of legal and factual issues – even if unreviewed – are given preclusive effect in federal court "'so long as the state proceeding satisfies the requirements of fairness outlined in [*United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)].'" *Miller*, 39 F.3d at 1032-33. The fairness requirements are as follows: "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Id.* at 1033.

In the instant case, it appears that the decisions the Labor Commissioner made with respect to Proposed Plaintiffs were ultimately confirmed by state court judgments; *i.e.*, there appear to be state court judgments for both Ms. Johnson and Ms. Ignacio. Thus, arguably, the Court need not conduct a *Utah Construction* fairness analysis as required by *Miller*. An argument could be made, however, that a *Utah Construction* fairness analysis is still necessary because the state courts did not substantively review the Labor Commissioner's decisions. Accordingly, out of an abundance of caution, the Court shall follow *Miller* and will first evaluate whether the res judicata requirements of California law have been met. If so, then the Court will determine whether the fairness requirements of *Utah Construction* have been satisfied.

A.  Res Judicata

Under California law,

> res judicata and collateral estoppel require three common elements: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. Collateral estoppel also requires the additional elements that the issue to be precluded was actually litigated and necessarily decided. The necessarily decided requirement generally means only that the resolution of the issue was not entirely unnecessary to the judgment in the initial proceeding.

6

1 *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 82-83 (2008) (internal quotation marks omitted).

2 In the instant case, Gevity has asserted both res judicata and collateral estoppel; however, for purposes of this opinion, the Court need only address the former and not the latter. It is clear that res judicata applies in both Ms. Johnson and Ms. Ignacio's situations.[3]

### 1. Identical Claim and Identical Parties

There is no real dispute that the first and third factors above have been satisfied. With respect to the first factor, the claims in the prior proceedings are identical to the claims at issue here because they are based on the same primary rights – *i.e.*, the right to wages and the right to earned vacation. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797-98 (2010) (stating that, "[t]o determine whether two proceedings involve identical causes of action for purposes of [res judicata], California courts have consistently applied the primary rights theory"; adding that, "under the primary rights theory, the determinative factor is the harm suffered [– *i.e.*,] [w]hen two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right").

As for the third factor, in each prior proceeding, one of the Proposed Plaintiffs, along with Gevity, was a party. Even if, as Ms. Johnson claims, she did not initially file an administrative claim against Gevity,[4] it is clear that Gevity did become a party to the administrative proceeding and that Ms. Johnson did not object to Gevity's being a defendant. In fact, she signed a complaint on September 27, 2007, which named not only AMX as the defendant but also Gevity. *See* Docket No. 110 (Jones Decl., Ex. A) (complaint).

///

---

[3] To the extent Proposed Plaintiffs contend that there is no preclusion where there is an intervening change in the law, that is true only for collateral estoppel, and not res judicata. *Compare Sacramento County Employees' Retirement Sys. v. Superior Court*, 195 Cal. App. 4th 440, 452 (2011) (stating that "collateral estoppel will not be applied where there has been a material change in the law"), *with Castro v. Higaki*, 31 Cal. App. 4th 350, 359 (1994) (stating that "[a] change in statute or law does not entitle a litigant to escape a prior ruling by filing a new action"; to hold otherwise would "emasculate, if not wipe out, the doctrine of res judicata because the doctrine is most frequently applied to block relitigation based upon contentions that a law has changed") (internal quotation marks omitted).

[4] According to Ms. Johnson, it was the Labor Commissioner, and not herself, who subsequently added Gevity as a defendant. *See* Prop. Pls.' Supp. Br. at 3-4.

2  Final Judgment on the Merits

While there is no real dispute regarding the first and third factors, the second factor – *i.e.*, whether the prior proceedings resulted in final judgments on the merits – is contested. The Court addresses each prior proceeding below.

    a.  Ms. Johnson

With respect to Ms. Johnson, there was a clearly a final judgment on the merits. The Labor Commissioner determined that Gevity was not Ms. Johnson's employer and issued an award against AMX only. That order was never appealed and a state court subsequently entered a judgment based on the Labor Commissioner's order.[5]

In her papers, Ms. Johnson suggests that, even if there was a final judgment, it was not "on the merits" because it was the Labor Commissioner who added Gevity as a defendant to the administrative proceeding. As above, this argument lacks merit as there is no indication that Ms. Johnson objected to the addition of Gevity; in fact, she affirmatively signed a complaint identifying both AMX and Gevity as defendants. As a result, the ALJ determined on the merits that Gevity was not her employer.

Ms. Johnson further argues that there was no final judgment "on the merits" because Gevity did not appear at the hearing. The problem with this argument is that it fails to take into account that Gevity did answer the complaint and submitted a declaration in support of its position. This was not a situation where there was no evidence before the hearing officer. Thus there was a basis upon which the ALJ rendered a finding as to Gevity.

Finally, Ms. Johnson asserts that there should no final judgment "on the merits" because she was not represented during the administrative proceeding and she did not have the benefit of discovery during the administrative proceeding. These arguments essentially implicate the third fairness requirement under *Utah Construction* – *i.e.*, the requirement that the party have an adequate opportunity to litigate. Neither point is ultimately availing.

---

[5] Proposed Plaintiffs have suggested that the Labor Commissioner's order was not a final judgment for purposes of the administrative proceedings because it is captioned as simply an "order, decision or award." This argument misses the point. The Labor Commissioner's order was equivalent to a final judgment – *i.e.*, there was nothing more to do in the administrative proceedings.

First, even though Ms. Johnson may not have been represented by counsel at the administrative level, she had the right to representation during these proceedings. *See* 8 Cal. Code Regs. § 13507 (providing that "[a]ny part to a proceeding conducted hereunder may, but need not, be represented by counsel"). Second, even though there is no discovery process at the administrative level, *see Noble v. Draper*, 160 Cal. App. 4th 1, 16 (2008) (noting that "the informal section 98 hearing process . . . lacks even the basic rudiments of pretrial discovery"), Ms. Johnson had the opportunity to obtain *de novo* judicial review of the Labor Commissioner's decision under California Labor Code § 98.2(a). *See* Cal. Lab. Code § 98.2(a) (providing that, "[w]ithin 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo"). Given the de novo review which permits for the introduction of evidence not contained in this administrative record, there is nothing to indicate that Ms. Johnson would not have had the right to obtain discovery as a part of the state court proceedings had she appealed. *Cf. Bo Vin Tran v. Le French* Baker, No. C-94-0482 VRW, 1995 U.S. Dist. LEXIS 3871 (N.D. Cal. June 14, 1995) (stating that, pursuant to § 98.2(a), "[t]he state court proceedings constitute a new trial and the parties may introduce any relevant evidence not presented at the administrative hearing"); *see also Hernandez v. Mendoza*, 199 Cal. App. 3d 721, 725 (1988) (stating that the de novo review under § 98.2 "means that superior court proceedings constitute a new trial in the fullest sense and the parties may introduce any relevant evidence not presented at the administrative hearing"; adding that "[t]he findings of the Labor Commissioner are entitled to no weight, and review is accorded to the facts presented to the superior court and not to the decision of the commissioner"). Given the procedural rights accorded to Ms. Johnson, she cites no case which holds res judicata does not apply merely because the litigant was not represented by counsel in the prior proceeding.

    b. <u>Ms. Ignacio</u>

As for Ms. Ignacio, she contends there was no final judgment "on the merits" because she voluntarily dismissed Gevity as a defendant. The problem with Ms. Ignacio's position is that she assumes that her dismissal was one without prejudice. But nothing in the record indicates that Ms. Ignacio asked for a dismissal without prejudice only; similarly, the Labor Commissioner's order also

1 failed to specify whether the dismissal was with or without prejudice.

2 More important, California case law indicates that where a voluntary dismissal occurs *after trial commences*, the plaintiff is essentially considered to have abandoned the claim and the dismissal is therefore deemed one with prejudice. *See* Cal. Code Civ. Proc. § 581(c) (providing that "[a] plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial"); *Skelly v. Richman*, 10 Cal. App. 3d 844, 858 (1970) (taking note of "the general rule that a plaintiff's voluntary dismissal effects a withdrawal of his claim and leaves the defendant as though he had never been a party; that an action merely commenced and then dismissed without trial determines nothing and concludes no one"); *Davis v. Pine Mountain Lumber Co.*, 273 Cal. App. 2d 218, 227 (1969) (stating that, "[a]fter trial has commenced a dismissal is with prejudice unless good cause is shown for it to be without prejudice"); *Carvel v. Arents*, 126 Cal. App. 2d 776, 779-80 (1954) (stating that "[t]he filing of a request for dismissal after the trial has commenced and the granting by the court of a request to dismiss the action . . . should . . . be deemed an abandonment, even though plaintiff states that the dismissal is without prejudice[;] [i]f the plaintiff desires to have the action dismissed by the court without prejudice, after trial has commenced, it is necessary that he show good cause for dismissal"); *Fisher v. Eckert*, 94 Cal. App. 2d 890, 893 (1949) (presuming dismissal was with prejudice "when it was made at a time when plaintiff had no right to make an unqualified dismissal and where the plaintiff abandoned further proceedings and the court dismissed the jury and, for all intents and purposes, did, in effect, allow a dismissal of the action, without the consent of all the parties and without a showing of just cause therefor"); *cf. Eulenberg v. Torley's, Inc.*, 56 Cal. App. 2d 653, 657 (1943) (stating that, "[w]hile, ordinarily, a judgment of dismissal upon the motion of the plaintiff is not a bar to a subsequent action, a different situation exists where it affirmatively appears that the plaintiff intended to abandon the action, in which case it is treated as a retraxit"). None of the authority cited by Ms. Ignacio, including but not limited to that cited in the supplemental brief, is to the contrary. Consistent with the above-cited cases, the Court concludes that, because Ms. Ignacio did not dismiss Gevity until after the Berman hearing had already commenced, it is a fair presumption that she intended to abandon her claim against Gevity (absent,

*e.g.*, any contemporaneous evidence to the contrary).

Moreover, as noted above, the hearing officer found that Ms. Ignacio "opted to withdraw her complaint against Gevity" because "she did not believe Gevity to [be] responsible or liable for her outstanding wages." This finding strongly suggests Ms. Ignacio did in fact intend to abandon her claim against Gevity. Thus, the dismissal of Gevity should be treated as one with prejudice.

The Court acknowledges that a Berman hearing is not the equivalent of a full-fledged court trial. *See Cuadra v. Millan*, 17 Cal. 4th 855, 858-59 (1998) (noting that "[t]he Berman hearing procedure is designed to provide a speedy, informal, and affordable method of resolving wage claims" – *e.g.*, pleadings are limited to a complaint and answer and there is no discovery process), *overruled in part on other grounds by Samuels v. Mix*, 22 Cal.4th 1 (1999); *see also* 8 Cal. Code Regs., tit. 8, § 13502 (providing that "[p]roceedings need not be conducted according to technical rules relating to evidence and witnesses"; instead, "[a]ny relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs"). But the equities that counsel in favor of charging Ms. Ignacio with abandoning her claim against Gevity – withdrawing her claim only after Gevity responded and the hearing commenced – apply with substantially equivalent force. More to the point, the record in this case suggests that Ms. Ignacio in fact voluntarily chose to abandon her claim against Gevity; as the hearing officer found, she "opted" to withdraw her complaint against Gevity.

Finally, to the extent Ms. Ignacio contends she had no incentive to appeal the Labor Commissioner's order because the hearing officer actually concluded that Gevity was her employer, that argument fails to address the fact that, by voluntarily dismissing Gevity after the Berman hearing had commenced, she effectively dismissed with prejudice. Had she felt otherwise, Ms. Ignacio had an incentive to appeal to the extent the Labor Commissioner's order required only AMX – and not Gevity – to pay money. She did not take such an appeal.

3. Summary

For the foregoing reasons, the Court concludes that there was a final prior judgment on the merits in both Ms. Johnson and Ms. Ignacio's cases, and therefore all three res judicata factors have been satisfied.

11

B. *Utah Construction* Fairness Requirements

As noted above, even where the elements of preclusion have been satisfied, Ninth Circuit law dictates that preclusive effect is given to an administrative decision only where the *Utah Construction* fairness requirements are met – *i.e.*, "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." *Miller*, 39 F.3d at 1033. The Court assumes without deciding that the superior court judgments entered herein do not obviate *Utah Construction* analysis.

Here, there should be no dispute that the hearing officers, on behalf of the Labor Commissioner, acted in judicial or quasi-judicial capacities. In addition, the hearing officers, on behalf of the Commissioner, resolved issues of fact properly before them. *See* Cal. Lab. Code § 98(a) (providing that "[t]he Labor Commissioner may provide for a hearing in any action to recover wages, penalties, and other demands for compensation properly before the division or the Labor Commissioner, including orders of the Industrial Welfare Commission"). Finally, as discussed above, because of the right to de novo judicial review, Proposed Plaintiffs had an adequate opportunity to litigate in the prior proceedings. *Compare North Pacifica, LLC v. City of Pacifica*, 366 F. Supp. 2d 927, 932-33 (N.D. Cal. 2005) (noting that "the possibility of a mandamus proceeding did not . . . give NP an adequate opportunity to litigate the equal protection question" because "[t]he general rule is that a hearing on a writ of administrative mandamus is conducted solely on the record of the proceeding before the administrative agency"; adding that augmentation of the record is possible only in limited circumstances) (internal quotation marks omitted); *see also Corrales v. Bradstreet*, 153 Cal. App. 4th 33, 60 (2007) (noting that a party "has the ability to render the [Labor] Commissioner's decision inconsequential by filing an 'appeal' in the trial court (§ 98.2) which effectively invalidates the administrative decision and opens up the case for a court trial (with full due process protections) in which the Commissioner's decision is entitled to no weight whatsover"). The fairness of the administrative hearing is substantiated by the fact that in both Ms. Johnson's and Ms. Ignacio's cases, the hearing officer awarded significant damages.

///

### III. CONCLUSION

For the foregoing reasons, the Court concludes that both Ms. Johnson and Ms. Ignacio's claims against Gevity are barred by res judicata, and because the claims are precluded, the Court denies Proposed Plaintiffs' motion to substitute.

The Court shall give Proposed Plaintiffs' counsel one final opportunity to substitute a new plaintiff and proposed class representative with respect to the claims asserted against Gevity. More specifically, counsel shall have sixty (60) days to find such a person(s) and file a motion to substitute that person(s) in this litigation.

As before, Gevity may oppose the motion on the grounds that it did not employ that individual (as it did not employ Mr. Field). Thus, counsel for Proposed Plaintiffs is advised that evidence to support the claim that Gevity employed the new plaintiff/proposed class representative should be provided as part of the opening brief. The Court also advises both parties that it may consider whether the opposition to the motion (assuming there is one) should in effect be treated as a motion for summary judgment.

This order disposes of Docket No. 97.

IT IS SO ORDERED.

Dated: December 7, 2011

_____
EDWARD M. CHEN
United States District Judge

13